UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>        Plaintiff,  )<br>  )<br>v.  )<br>  )<br>TERRANCE HOFUS,  )<br>  )<br>        Defendant.  )<br>_____ ) | 3:08-cr-0022-LRH-VPC<br><br>O R D E R |

Before the Court is Defendant Terrance Hofus' ("Hofus") Motion to Extend or Reopen Time to File an Appeal. Doc. #123. The United States filed an Opposition (Doc. #124), to which Hofus replied (Doc. #125).

Hofus was indicted on charges of attempted coercion and enticement of a minor to engage in sexual activity on March 26, 2008. Doc. #10. After a four-day trial, the jury found Hofus guilty on September 29, 2008. Doc. #67. Hofus appealed, and the Ninth Circuit affirmed and denied Hofus' petition for rehearing en banc on March 19, 2010. Doc. #102. Thereafter, the Supreme Court denied Hofus' petition for a writ of certiorari. Doc. #105. Hofus filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on September 16, 2011. Doc. #106. The Court denied this motion on May 17, 2012. Doc. #119. Hofus filed the present Motion to Reopen Time to File an Appeal of the Court's Order denying his § 2255 motion on February 10, 2015. Doc. #123.

//

For cases in which the government is a party, notice of appeal must normally be filed within sixty days of entry of judgment. Fed. R. App. P. 4(a)(1)(B). A district court may extend time if (1) a party so moves within thirty days of the expiration of the sixty day window, or (2) when a party did not receive notice of the entry of judgment and files a motion to reopen time to file an appeal within 180 days of the judgment, or within fourteen days after the party received notice, whichever is earlier. Fed. R. App. P. 4(a)(5)-(6). District courts do not have discretion to grant a motion to reopen time to file an appeal if such a motion is filed outside of the time period expressly authorized by federal law. *In re Stein*, 197 F.3d 421, 425 (9th Cir. 1999) (citing *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357 (8th Cir. 1994)).

Hofus argues that the Court should reopen time for an appeal because he did not learn of the Court's denial of his § 2255 motion until early January, 2015. However, Hofus did not file his motion to reopen until approximately thirty-two months after the Court's Order, long after the 180 day post-judgment time limit permitted by Rule 4(a). Moreover, Hofus has identified no reason for his failure to check on the status of his § 2255 motion during that time prior to January, 2015. Accordingly, the Court denies Hofus' Motion to Extend or Reopen Time to File an Appeal. *See In re Stein*, 197 F.3d at 425.

IT IS THEREFORE ORDERED that Hofus' Motion to Extend or Reopen Time to File an Appeal (Doc. #123) is DENIED.

IT IS SO ORDERED.

DATED this 9th day of March, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE